UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIRBY DORIS                                    CIVIL ACTION

VERSUS                                         NO. 08-3849

MIA LAKISHA JONES                              SECTION "M"(5)

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, Kirby Doris, a prisoner currently incarcerated in Orleans Parish Prison, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §1983, complaining that his April 20, 2008 arrest was based upon the false accusation of defendant, Mia Lakisha Jones.  Plaintiff complains that Jones, his sole defendant, accused him "of doing a crime that [he] did not committ [sic]".

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §1915(e)(2).  The court has broad discretion in determining the

frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds by Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *Booker*, 2 F.3d at 116.

Section 1983 of the United States Code, Title 42, provides that:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia**, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [Emphasis added.]

Thus, to be liable under §1983, a defendant must be acting under

color of state law in violating a plaintiff's rights.  A private individual, such as witness, Mia Lakisha Jones, is not generally considered to be a "state actor" for purposes of being susceptible to liability under §1983.  *See Barnes v. Lehman*, 861 F.2d 1383 (5th Cir. 1988).  Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's §1983 action be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ___1st___ day of ___October___, 2008.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE